## KEATLEY v. GRAND FRATERNITY.

(District Court, D. Delaware. April 19, 1912.)

No. 5.

1. Insurance (§ 723*)—Fraternal Insurance—Warranties—Misrepresentations—Effect.

Under Act Pa. June 23, 1885 (P. L. 134), providing that, where an application for a life policy contains a warranty of the truth of the answers therein contained, no untrue statement or misrepresentation in the application made in good faith shall effect a forfeiture, unless the misrepresentation or untrue statement relates to a matter material to the risk, a breach of warranty of the truth of answers in an application does not work a forfeiture of the policy where the misrepresentation or untrue statement is made in good faith and does not relate to a matter material to the risk, but, to permit a recovery notwithstanding, a breach of warranty, good faith, and absence of materiality to the risk must coexist.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

2. Pleading (§ 205*)—Form of Pleading—General Demurrer.

A general demurrer does not challenge merely formal defects in the pleading, but only its substance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–510; Dec. Dig. § 205.*]

3. Insurance (§ 723*)—Fraternal Insurance—Application—Warranties—Misrepresentations—"Brother."

An applicant for fraternal insurance declared that his personal and family history were clearly and truthfully set forth in the questions and answers in the application. It contained the following questions: "Brothers?" "Age of living?" "Age at death?" "Year of death?" "Specific cause of death?" "Duration of last illness?" The applicant answered only the first question, his answer being in the negative. He had a brother who had died prior to the application and the cause of his death was diabetes, and the applicant knew such fact. Held, that the question "Brothers?" applied to brothers living or dead, and was also applicable to one brother as well as several brothers, and his answer was a fraudulent concealment, misleading the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*

For other definitions, see Words and Phrases, vol. 1, pp. 884, 885.]

4. Insurance (§ 724*)—Fraternal Insurance—Application—Warranties—Misrepresentations.

The fact that insurer did not require answers to the questions excepting the first did not show a waiver by it of its rights to full and truthful disclosures of the history of the family of the applicant.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1837, 1866–1868; Dec. Dig. § 724.*]

At Law. Action by Mary C. Keatley against the Grand Fraternity. Demurrer to pleas overruled.

See, also, 198 Fed. 264.

John Biggs and Armon D. Chaytor, Jr., both of Wilmington, Del., for plaintiff.

Leonard E. Wales, of Wilmington, Del., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BRADFORD, District Judge. [1] The plaintiff has demurred generally to the seventeenth and eighteenth pleas, each of which is interposed to all the counts of the declaration. The seventeenth plea is to the effect that William J. Keatley, the husband of the plaintiff, in his application for beneficial membership in the Grand Fraternity declared that his personal and family history was clearly, distinctly and truthfully set forth in the questions and answers contained in the application; that the application expressly stipulated that "each and every statement and answer in this application shall be deemed a warranty on the faith of which I am admitted to beneficial membership in The Grand Fraternity" and that "in case any statement or answer shall not be absolutely true in every respect, or in case there has been any misstatement or misleading statement or omission or concealment of fact by or on my behalf, the benefit certificate or certificates issued hereon shall be absolutely void"; that Keatley in response to the following questions contained in the application, namely, "Brothers?," "Age if living," "State of health," "Age at death," "Year of death," "Specific cause of death," "Duration of last illness," "Previous health," answered as to "Brothers?" by using the figure or character "O," "thereby indicating naught"; that in fact Keatley had a brother who died some years prior to the making of the application, the specific cause of his death being diabetes, which at the time of making the application and answer thereto was known to Keatley but unknown to and not discovered by the defendant until after the delivery by it to him of the certificate of membership; that by reason of the "untrue and fraudulent statement or answer aforesaid, as well as the fraudulent omission and concealment of fact" on the part of Keatley the defendant was deceived and misled and the certificate thereafter issued to him became and was absolutely void. At and prior to the time Keatley made his application for membership there was in full force and effect a Pennsylvania statute approved June 23, 1885 (P. L. 134), providing, among other things:

"That hereafter whenever the application for a policy of life insurance contains a clause of warranty of the truth of the answers therein contained, no misrepresentation or untrue statement in such application made in good faith by the applicant shall effect a forfeiture or be a ground of defense in any suit brought upon any policy of insurance issued upon the faith of such application, unless such misrepresentation or untrue statement relate to some matter material to the risk."

[2-4] Under and by virtue of the above statute no breach of warranty of the truth of answers contained in the application can work a forfeiture or be a ground of defense where the misrepresentation or untrue statement is made by the applicant in good faith and does not relate to some matter material to the risk. To permit a recovery notwithstanding a breach of warranty good faith and absence of materiality to the risk must coexist. If Keatley in his answer made a misrepresentation or untrue statement fraudulently or in bad faith, or if such misrepresentation or untrue statement related to a matter material to the risk the Pennsylvania statute has no application. The demurrer being general does not challenge merely formal defects in

the plea, but only its substance, and a vital point is whether the averments of the plea as admitted by the demurrer do not disclose a mala fide or fraudulent misstatement or concealment by the applicant in connection with the above-mentioned questions contained in the application. In it Keatley declared that "his personal and family history were clearly, distinctly and truthfully set forth in the questions and answers." The questions and his answer cannot be read wholly without reference to and independently of the above declaration. To the question "Brothers?" he made use of the figure or character "O," indicating, as is admitted, that he had no brothers. But while he had no brothers living at the time he made the application he had a brother who died several years before that time, and he had not forgotten that fact. It is claimed, however, on the part of the plaintiff that "Brothers?" standing alone meant brothers living at the time of making the application, and that he truthfully and correctly stated that he had no brothers then living. But immediately below the question "Brothers?" the applicant was called upon by the form of the application to state "Age if living" and shortly thereafter "Age at death," "Specific cause of death" and "Duration of last illness." That the subsequent inquiries show that the question "Brothers?" was applicable as well to deceased brothers as to brothers then living is too clear for discussion. Further, it is equally clear that the question "Brothers?" while plural in form was intended to apply as well to one as to several brothers. This is demonstrable from the above-quoted subsequent inquiries. The applicant made no answer to any of these inquiries save the first. If he had no brother living at the time and never had had one his answer to the first question would have been all that could have been required; for the subsequent inquiries above quoted were all predicated upon the then or previous existence of a brother or brothers. Having untruthfully answered in substance that he did not then have and had not theretofore had any brother or brothers, the defendant had no reason and it would have been absurd to require an answer to the subsequent inquiries touching brothers. It waived none of its rights by omitting to insist upon an answer to subsequent questions which by the applicant's answer to the first had become wholly irrelevant to the case. It is suggested by the plaintiff that the question "Brothers?" taken in and by itself might have been reasonably supposed to refer only to brothers then living, and that the applicant having answered it in accordance with that supposition was not obliged to change his answer upon noticing the following inquiries clearly relating to deceased brothers. But such omission to correct an untrue answer upon ascertaining immediately thereafter its incorrectness does not, in the judgment of this court, comport with the fair and honest dealing which the defendant had a right to expect from Keatley and upon which it had a right to rely. His uncorrected answer to the first question and omission to reply to the following inquiries constituted a fraudulent misstatement or concealment by him. The facts constituting the fraud are stated in the plea, and reference is made to the "untrue and

fraudulent statement or answer aforesaid, as well as the omission and concealment of fact" by Keatley, whereby "the defendant was deceived and misled." While formal objection might possibly be taken to the manner in which the facts constituting the fraud are characterized as fraudulent, the plea in substance sufficiently alleges fraudulent misstatement and concealment, and the demurrer being general must be overruled.

The eighteenth plea is similar in principle to the seventeenth, and reasons similar to those applicable to the seventeenth require that the demurrer to the eighteenth should be overruled.